The object of this suit and the facts alleged in the petition as the basis of plaintiff's demand are fully stated in the opinion overruling the motion to dismiss the appeal. We shall not restate them, except in so far as may be necessary to the decision on the exceptions now under consideration.
The sole ground on which the plaintiff seeks to annul the sale of the two trucks from the Delta Motors Company to Ennis J. McCants and to recover the purchase price paid and damages for the loss of the use of the trucks is that the American Bank 
Trust Company, the holder of the notes given for the unpaid portion of the price of the trucks, acting for itself and for the Delta Motors Company, demanded that the trucks be delivered to the garage of the motors company for the specific purpose of preventing the deterioration of the said property by use on the public streets pending adjustment of the notes, or an adjustment of the entire relations between petitioner and the bank acting for itself and for the motors company.
It is alleged that by the aforesaid action of the bank and the motors company in demanding and receiving the said trucks the plaintiff was deprived of the ownership, use, and possession of said trucks; that this action on the part of the defendants was *Page 836 
arbitrary and illegal, and had the effect of canceling and annulling the aforesaid sale.
If, as a matter of fact, the defendants, arbitrarily and without process of law, and without the consent of the plaintiff, had taken possession of the trucks and had disposed of them, then the plaintiff might have had a cause of action, and would have been entitled to some relief. And this would be true, even though the plaintiff had defaulted in the payment of the notes.
The authentic act of sale from the motors company to McCants contained the stipulation that on default of payment of any one of the notes or the interest thereon at maturity all the said notes were to become due and exigible without demand or notice.
The plaintiff admits that it had assumed the obligations of McCants, and that one or more of the notes had become due; that payment had been demanded; and that plaintiff was unable to meet the payment.
The act of sale imported a confession of judgment, and specially authorized the holder of the notes immediately to seize and sell the trucks for the balance of the unpaid price.
Instead of exercising their legal right of seizing and selling the trucks, and thereby dispossessing the plaintiff by law, the defendants demanded that the trucks be placed in the garage to prevent them from being deteriorated by use on the streets. The plaintiff consented to this demand, and voluntarily surrendered possession as requested. Under such circumstances the taking possession by the defendants was in no sense arbitrary or illegal.
By surrendering possession the plaintiff gained an extension of time and an opportunity of settlement and adjustment of the debt.
The failure to secure such settlement was plaintiff's misfortune, but the transaction by which it lost possession of the trucks certainly *Page 837 
gave the plaintiff no right to complain at the action of the defendants, which, according to plaintiff's specific allegations, were to preserve and to conserve the trucks and not with the view of depriving the plaintiff of its ownership.
The defendants obtained, with the consent of plaintiff, no greater right nor advantage than could have been secured by process of law.
A party with capacity to contract is at liberty to do voluntarily that which he can be compelled to do by law.
The conduct of defendants under the circumstances as detailed in the petition affords no cause for annulling the sale of the trucks and certainly no cause for damages.
The plaintiff's suit was properly dismissed on the exception of no cause of action, and the judgment is affirmed.
ROGERS, J., recused.